# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4698 | **DATE** | 11/20/2002 |
| **CASE TITLE** |  | Brown, et al. vs. Bank One Corp., et al. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion for leave to amend the complaint [20-1] is granted and Bank One's motion to dismiss [16-1] is denied as moot. Plaintiffs are ordered to file their second amended complaint by 12/6/02.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 22 2002 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 11/20/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| mm | courtroom deputy's initials | 02 NOV 21 PM 6: 33 Date/time received in central Clerk's Office | mm mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 2 2 2002

| | |
|---|---|
| CLARK BROWN and BECCA BROWN, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 01 C 4698 |
| BANK ONE CORPORATION and BANK ONE, N.A., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

NAN R. NOLAN, Magistrate Judge:

Plaintiffs Clark and Becca Brown filed suit against defendants Bank One Corporation and Bank One, N.A. ("Bank One") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/1 *et seq.* The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). This matter is now before the Court on Bank One's Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6), and plaintiffs' Motion for Leave to File Second Amended Complaint. For the reasons set forth below, plaintiffs' motion for leave to amend is granted, and Bank One's motion to dismiss is denied as moot.

### FACTUAL BACKGROUND

In August 1997, Becca Brown was contacted by a representative of Bank One who informed her that someone had tried to obtain a fraudulent loan under her husband's name. The



Bank One representative told Ms. Brown that the loan had been denied but, shortly thereafter, another representative told plaintiffs that Bank One-Texas, N.A. had actually made two loans in Mr. Brown's name. Cmplt. ¶¶8-9. On several occasions in 1998, plaintiffs were denied credit by various credit reporting agencies. Thus, in June 1999, plaintiffs contacted Bank One to ensure that the false information from the fraudulent loans had been removed from their credit records. Bank One representatives assured plaintiffs that the information would be removed as soon as possible. However, by August 2000, the false information was still appearing on plaintiffs' credit reports and plaintiffs were still being denied credit from various companies. *Id.* ¶¶11-16.

On June 20, 2001, plaintiffs filed a complaint alleging that Bank One Corporation violated the FCRA and the Consumer Fraud Act by wrongfully furnishing inaccurate information to credit reporting agencies, which prevented them from obtaining credit. Plaintiffs amended the complaint on June 3, 2002 to add Bank One, N.A. as a defendant. Bank One now seeks to dismiss the amended complaint for failure to state a claim. Plaintiffs, in turn, seek leave to amend the complaint.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A motion to dismiss will be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss for failure to state a claim, the court takes as true all factual allegations in the plaintiffs' complaint and draws all reasonable inferences in their favor. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 770 (7th Cir. 2002).

A.  **The FCRA**

The FCRA requires consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" of the data within a consumer's credit report. 15 U.S.C. §1681c(b). The FCRA also imposes duties upon persons who furnish information to consumer reporting agencies. *See* 15 U.S.C. §1681s-2. Plaintiffs allege that Bank One is such a furnisher of information and, thus, had an obligation to refrain from reporting inaccurate information about plaintiffs' credit. Although the complaint purports to state a claim under 15 U.S.C. §1681s-2(a), plaintiffs concede that "[i]ndividual consumers have a private right of action against a furnisher of information pursuant to §1681s-2(b) of the FCRA" and not §1681s-2(a). *See Wexler v. Banc of America Auto Finance Corp.*, No. 00 C 0865, 2001 WL 428155, at *2 (N.D. Ill. Apr. 26, 2001) (citing *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 926 (N.D. Ill. 2000)); Pl. Mem., p. 3 n. 2.

The duties created by §1681s-2(b) "arise only after the furnisher of information receives notice from a consumer reporting agency that a consumer is disputing the credit information." *Wexler*, 2001 WL 428155, at *2; *Dornhecker*, 99 F. Supp. 2d at 925; *Ryan v. Trans Union Corp.*, No. 99 C 216, 2000 WL 1100440, at *1 (N.D. Ill. Aug. 4, 2000). Bank One claims that plaintiffs "cannot and so do not allege that Bank One was notified of the dispute by a credit reporting agency." Def. Mem., p. 7. Plaintiffs, however, seek leave to amend the complaint to allege that (1) Clark Brown spoke with three major credit reporting agencies and informed them of the dispute; (2) the credit agencies then notified Bank One of the dispute; (3) Bank One failed to investigate the claim; and (4) Bank One is therefore liable under 15 U.S.C. §1681s-2(b). Pl. Mem., p. 3. Plaintiffs apparently do not have any direct evidence regarding the second allegation

but claim that "[i]t is clearly a reasonable inference" that Bank One was notified of the dispute by a credit reporting agency. Pl. Mem., p. 2.

The Court agrees that plaintiffs should be allowed to amend their complaint as stated above. Fed. R. Civ. P. 15(a) (motion to amend complaint should be freely granted "when justice so requires"); *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). The parties have not yet taken – or even scheduled – any depositions or conducted any third-party discovery, so the amendment will not unduly prejudice Bank One or delay these proceedings. Pl. Mem., p. 4. *Compare Hindo v. University of Health Sciences/The Chicago Medical School*, 65 F.3d 608, 615 (7th Cir. 1995) (district court properly denied leave to amend complaint one month before discovery ended absent some explanation for the delay). Nor is there any evidence of bad faith or dilatory motive on the part of plaintiffs, who only seek leave to amend due to Bank One's motion to dismiss. Indeed, Bank One does not argue against amendment in this case, other than generally to seek dismissal with prejudice. *See Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001) ("leave to amend a complaint should be freely granted when justice so requires" unless "there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile").

The mere fact that plaintiffs currently lack actual proof that a consumer reporting agency notified Bank One of their credit dispute does not render their proposed amendment futile or inappropriate. For purposes of satisfying the liberal pleading requirements of Fed. R. Civ. P. 8, it is sufficient for plaintiffs to allege that on "information and belief" Bank One was notified of the credit dispute by one or more credit reporting agencies. *See Chisholm v. Foothill Capital Corp.*, 940 F. Supp. 1273, 1280 (N.D. Ill. 1996) ("[a]llegations based on 'information and belief' are

4

usually sufficient to meet Rule 8 pleading requirements"). Having said that, the Court notes that in order for plaintiffs to succeed on the merits of the case, they will need to establish more than just an "inference" that a consumer reporting agency notified Bank One of the dispute. *See, e.g., Wexler*, 2001 WL 428155, at *3 (granting summary judgment to defendant bank where the plaintiff "informed [the bank] that he believed the credit information was incorrect, but there [were] no facts demonstrating a consumer reporting agency informed [the bank] of a dispute in the credit information").

## B. The Consumer Fraud Act

In Count II of the complaint, plaintiffs allege that Bank One's wrongful furnishing of inaccurate information to credit reporting agencies constitutes a violation of the Illinois Consumer Fraud Act. Bank One argues that plaintiffs' Consumer Fraud Act claim is preempted by the FCRA, which provides for absolute immunity from state law claims "with respect to any matter regulated by section 1681s-2 . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. §1681t(b)(1)(F); *Dornhecker*, 99 F. Supp. 2d at 930. Plaintiffs "do not dispute much of Defendant's argument regarding FCRA preemption" but seek leave to amend the complaint to plead that Bank One knowingly issued a number of false loans in plaintiffs' names. Pl. Mem., p. 4. Plaintiffs argue, without citation, that "[t]he act of knowingly issuing false loans is not, and cannot, be preempted by" §1681t. *Id.*

Section 1681s-2 of the FCRA regulates the "[r]esponsibilities of persons who furnish information to consumer reporting agencies." Thus, as stated, Count II of plaintiffs' complaint is preempted by the FCRA. Cmplt. ¶¶19, 20 (alleging that Bank One knowingly provided false information to credit reporting agencies). However, plaintiffs' proposed amendment to this

claim would not be preempted by the statute. In *Dornhecker*, the court found that the plaintiffs' claim for breach of duty arising from defendant's opening of accounts based on stolen information was not regulated by the FCRA. 99 F. Supp. 2d at 931. In this case, similarly, Bank One's alleged misconduct in issuing false loans in plaintiffs' names does not raise a challenge to the information supplied to consumer reporting agencies and, thus, is not regulated by the FCRA. And because the Court has already determined that amendment is appropriate, plaintiffs will be granted leave to amend Count II of the complaint. Fed. R. Civ. P. 15(a).

## CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to amend the complaint (Docket Entry #20-1) is granted and Bank One's motion to dismiss (Docket Entry #16-1) is denied as moot. Plaintiffs are ordered to file their second amended complaint by December 6, 2002.

*Nan R. Nolan*
NAN R. NOLAN
United States Magistrate Judge

Dated: November 20, 2002